## MARY F. HENKEL, RESPONDENT, *v.* JACOB MURR, APPELLANT.

*Landlord — liability of, to a stranger injured by reason of a defect in the hall through which he is passing to visit a tenant — notice of the defect must be given to the landlord to render him liable — evidence.*

To render the owner of a building, the rooms in which are rented to different tenants, liable for the injuries sustained by a person who, while visiting one of the tenants, caught her heel in a hole in the oil-cloth laid upon the stairs in the hall, it must be shown not only that the fall was occasioned by the dangerous condition in which the oil-cloth was left, but also that the landlord neglected, after having had knowledge or notice of its dangerous condition, to repair the same, or that he omitted to use reasonable means and precautions to ascertain its condition and make the requisite repairs.

Evidence that some time after the accident the landlord had put new oil-cloth upon the stairs, held to be inadmissible.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury, and from an order denying a motion for a new trial made upon the minutes of the justice before whom the action was tried.

*Brewster Kissam,* for the appellant.

*Charles W. Brooks,* for the respondent.

Davis, P. J.:

The appellant was the owner and landlord of the tenement in which the plaintiff had called for the purpose of seeing her sister, who was one of the tenants of the building. There were several tenants of separate rooms, all using in common a single hall and the stair-cases therein leading up to their rooms. To neither of the tenants was the hall and stair-case demised; but the right of each to use the same for ingress and egress to and from their rooms was equal. The circumstances of the case as well as the testimony show that the control of the hallway and stair-cases remained in the appellant as landlord, and that it was his duty to keep the same in reasonably good condition as to safety, etc., for the use of the several tenants. One of these uses was the right of ingress and egress of persons lawfully calling upon the tenants for business purposes or as friends for social purposes. It is a correct rule of law to state that the same measure of liability for injuries sustained by negligence of the landlord extends to one socially visiting or calling upon a tenant as protects the tenant himself, because the use of the hall and stair-case for the purpose of enjoying such visits and calls is by necessary implication (where not expressly provided for) within the reasonable intent of the demise of the rooms. Hence the plaintiff in this case in calling upon the tenant of the appellant was within the scope of the protection against the landlord's negligence, and is entitled to the application of the same rules, if damnified by his negligence, which the tenant could invoke in his or her own behalf.

The evidence tended sufficiently to show that the appellant, as landlord of the tenant, had undertaken to preserve the second flight of stairs in the common hall, by putting down thereon an oil-cloth which covered the length and width of the stairs. He was, therefore, under obligation to take care that the oil-cloth did not become dangerous to persons having the right to use it in passing to and from the rooms of his tenants, by reason of any negligence on his part. But to charge him as landlord, it was necessary to show that he had neglected, after having knowledge or notice of its dangerous condition, to repair the oil-cloth with promptitude, or if he had no such notice or knowledge that he had omitted to use such reasonable means and precautions for ascertaining its condition and making requisite repairs, as his relation to it, and his duty to the

tenants, and other persons lawfully using it, demanded at his hands. Whether the oil-cloth on the stairway was in such condition as to be dangerous to persons passing over it, at the time of the injury to the plaintiff, was seriously in conflict in the evidence given on the trial ; but the jury found by their verdict that that was its condition. As the case was put to the jury by the charge it would seem, (and so we think the jury must have undertsood it) that the court instructed them that such a finding entitled the plaintiff to a verdict. The court said : " Having undertaken to take care of the stairs by an oil-cloth it was his duty of course to keep it in a careful and safe manner. Now was he negligent in that respect, and was the oil-cloth in that condition which it is claimed by the plaintiff to have been in, that led to her fall and damage to her person." An exception to this part of the charge was taken. We think this portion of the charge though probably not so intended led the jury to suppose that if they found there was a hole in the oil-cloth in which the heel of the plaintiff caught, thereby causing her fall and injury, the defendant was liable in law because he had undertaken " to take care of the stairs by using an oil-cloth, and it was therefore his duty to keep it in a careful and safe manner."

This rule is altogether too rigid ; it brings the liability of the landlord substantially to that of a warranty by contract, and subjects him to damages for any accidental derangement which may cause an injury, when actual negligence could not be found or imputed. The mere fact that a hole had suddenly broken in the oil-cloth in which the next passer's heel had tripped causing a fall and injury, would be negligence *per se*, under the rule of the charge, because the landlord had failed in his duty to keep the covering in a careful and safe manner, absolutely and under all circumstances. But the question is not one of contract. The liability rests wholly upon *actual negligence* in which the duty or obligation of the landlord is only an element ; a most important one it is true, but by no means exclusive and controlling. In addition to that element it must appear that with some notice of the condition of things, or under some circumstances equivalent to notice such as an unreasonable omission to ascertain the condition, he had failed to make the necessary repairs or changes called for by the condition or exigency.

It was not enough therefore to find that a hole had come in the

oil-cloth in which the plaintiff's heel caught so as to cause the fall which injured her, for in the nature of things all that might occur without just ground to charge the landlord with negligence.

Regarding the charge in that light we think the jury was very likely misled, and have awarded damages without finding the appellant guilty of the negligence that would make him legally liable.

A careful examination of the case leads us to the opinion that the plaintiff failed as a matter of fact to prove that the landlord was chargeable with negligence in not repairing or changing the oil-cloth. He was not shown to have known of the defect (if it existed, which under the evidence is doubtful), so as to have had any notice of its existence; or to have neglected his duty in not discovering it; on that question it seems the jury could not have found for the plaintiff without disregarding the strong weight of evidence.

Against the appellant's objection and exception it was shown that some months after the accident to plaintiff the defendant had put new oil-cloth upon the stair-case. It has been frequently held that such evidence is not admissible to show knowledge of dangerous condition at the time of the injury. The cases are very decisive on that subject. (*Dougan* v. *The Champlain Transportation Co.*, 56 N. Y., 1, 8; *Baird* v. *Daly*, 68 id., 547; *Salters* v. *Delaware and Hudson Canal Co.*, 3 Hun, 338; *Morrell* v. *Peck*, 24 id., 37.)

This evidence is supposed to have been withdrawn, but it was not. It was only the question "did you order it to be put down?" that was sought to be withdrawn, and the court did not permit it to be done, the defendant objecting to such withdrawal, the jury having already heard it. The objection to the withdrawal did not cure the error, because the offer or attempt to withdraw in part, was not broad enough to take out all the witness had testified on the subject. On looking at the whole case we think justice requires that a new trial should be had. The judgment and order are therefore reversed, and a new trial ordered, with costs to abide the event.

DANIELS, J., concurred; BRADY, J., dissented.

Judgment reversed, and new trial ordered, costs to abide event.